IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY SMITH, 135196,           )
      Plaintiff,                        )
                              )
                v.                    )     Civil Action No. 06-523
                              )
THOMAS SHANE,                    )
      Defendant.                        )

Report and Recommendation

I. Recommendation:

      It is respectfully recommended that the defendant's Motion for Summary Judgment

(Docket No.22) be granted and that judgment be entered accordingly.

II. Report:

      Presently before the Court for disposition is the defendant's motion for summary

judgment.

      Anthony Smith, an inmate at the Allegheny County Jail has filed a civil rights complaint

which he was granted leave to prosecute in forma pauperis.[1] In his complaint, Smith alleges that

on November 23, 2004, while housed as the Beaver County Jail, "I was assaulted by Thomas

Shane as I was being arraigned on criminal charges."[2]  These facts are said to state a cause of

action under the provisions of 42 U.S.C. 1983, and the plaintiff invokes this Court's jurisdiction

pursuant to Sections 1331 and 1343 of Title 28, United States Code. Named as the defendant,

---

      [1] At the time the complaint was filed, the plaintiff was an inmate at the State Correctional Institution at Dallas.

      [2] See: Complaint at ¶ IV.C.

and the movant here, is Thomas Shane, an officer of the Sheriff's Department of Beaver County.

It is provided in 42 U.S.C. §1983 that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In his concise statement of material facts (Docket No.24), the defendant sets forth that on the day in question, the plaintiff, who was an inmate at the Beaver County Jail, was scheduled to be arraigned on criminal charges via teleconferencing; that the plaintiff refused to be arraigned without a personal appearance; that he was returned to his cell; that he was again informed that he would be arraigned via teleconferencing and was again escorted to the teleconferencing room; that at this second arraignment attempt the defendant was present; that the plaintiff repeatedly refused to participate in the teleconferencing; that he was advised that if he became combative, the defendant would deploy a TASER to subdue him; that when the prison officers approached the plaintiff he struggled with them and was forced to the ground; that the plaintiff was again advised that if he failed to cooperated the TASER would be employed; that Smith again refused to be arraigned; that when the plaintiff continued to struggle, the TASER was employed for five seconds and that he was then arraigned by teleconference.[3]

Also appended to the motion as Exhibit A, are excerpts of the plaintiff's deposition in which he corroborates the statement of material facts and also explains that in addition to the assault, he was arrested on false charges regarding his assault of another inmate which are the underlying charges on which he was being arraigned.

_____

[3] Additional confirmation of these events are submitted by prison officials as Exhibits B, C, D and E as well as a videotape of the events which is Exhibit F.

In his affidavit, Captain Shane states that when the plaintiff refused to comply with orders, he deployed two five second TASER bursts, the first of which was ineffective thereby necessitating the second application.[4]  The Jail Warden has also submitted an affidavit in which he relates that teleconferencing is employed for arraignments so as to obviate the necessity to physically transport prisoners to a district justice's office.[5]

We have also viewed, Exhibit F which is a video but no audio of the events which transpired on November 23, 2004 and reveals that the plaintiff appears to be arguing with his jailers; that the officers appear to be speaking to the plaintiff; that the plaintiff continues to appear to argue with them; that a brief scuffle occurs in which a TASER is applied to the plaintiff; that he is then carried to an area with teleconferencing equipment and it appears that the arraignment occurs; that following the arraignment, the plaintiff arose without assistance and did not appear to be in any distress; that he continued to appear to be arguing with the officers; that he departed from the "hearing room"  on his own with the officers following and that while returning to his housing appears to have fallen on the floor but the reason for the fall is not apparent.

In order to prevail on his claim here, the plaintiff must demonstrate that he was subjected to the use of excessive/unreasonable force. <u>Smith v. Mensinger</u>, 293 F.3d 641 (3d Cir.2002). No such showing is made here. Rather, the video as well as supporting documentation and the plaintiff's deposition demonstrate that he objected to the arraignment procedures; that to subdue a hostile individual, a minimal TASER usage occurred; that following the incident, the plaintiff did not exhibit any signs of injury, and that the force employed was reasonable under the circumstances. Accordingly, the use of the TASER cannot be deemed cruel and unusual.

---

[4] See: Exhibit E to the motion.

[5] See: Exhibit H to the motion.

In addition, the plaintiff appears to be alleging that the criminal charges of assaulting another inmate which led to the above discussed arraignment were falsely initiated by someone at the jail. At his deposition, the plaintiff was unable to say who he believed initiated the charges but he does not allege that the defendant was the actor.[6] Thus, there is likewise no validity to this allegation.

Summary judgment is appropriate where there are no material issue of fact and the movant is entitled to judgment as a matter of law. Biener v. Calio, 361 F.3d 206 (3d Cir.2004). In opposing a motion for summary judgment, a party cannot rest on mere reassertions of the matter raised in the complaint but must demonstrate by record evidence that material issues of fact exist for resolution at trial. Orsetti v. New Jersey, 71 F.3d 480 (3d Cir.1995). In response to the motion, the plaintiff has submitted a "Motion to Dismiss Summary Judgment" (Docket No.26) which we construe as a response to the present motion. In his submission, the plaintiff appears to reiterate the allegations of the complaint and does not substantively respond to the motion.

Accordingly, because there are no material issues of fact in dispute, and because it appears as a matter of law that the plaintiff is not entitled to relief here, it is recommended that the defendant's motion for summary judgment be granted and that judgment be entered accordingly.

Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge

Dated: March 2, 2007

_____

[6] See: Exhibit A at p.36.