IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY SMITH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-523 |
| | ) |
| THOMAS SHANE, | ) |
| | ) |
|     Defendant. | ) |

<u>O  R  D  E  R</u>

Plaintiff, Anthony Smith, filed a civil rights complaint in the above-captioned case. Defendant filed a motion for summary judgment to which the plaintiff responded by seeking to dismiss the motion but did not comply with Rule 56 of the Federal Rules of Civil Procedure or this court's Local Rules of Court. The United States Magistrates Judge issued a Report and Recommendation recommending that the motion be granted.

The parties were provided thirteen (13) days after being served with a copy to file written objections to the Report and Recommendation. Objections were filed by the plaintiff in which he merely argues that at trial the plaintiff could prove his claims. The plaintiff, however, did not adduce any evidence in support of his claims as required by Rule 56.

While this court is mindful that *pro se* plaintiffs are not held to as high of a standard as litigants that are represented by counsel, a *pro se* plaintiff must still plead the essential elements of his or her claim and is not excused from conforming to the standard rules of civil procedure. <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural

rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel . . . ."); Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). A motion for summary judgment will not be defeated by the mere existence of some disputed facts, but will be defeated when there is a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 249.

The Supreme Court held in Celotex Corp v. Catrett, 477 U.S. 317 (1986), that:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

Id. at 324 (emphasis added). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative,  summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

Here the plaintiff did not present sufficient evidence for a jury to return a verdict in his favor. Under these circumstance summary judgment must be granted in favor of defendant.

AND NOW, this 28th day of March, 2007, upon independent review of the pleadings, and the Magistrate Judge's Report and Recommendation, and the submissions of the parties, the Magistrate Judge's Report and Recommendation is adopted as the opinion of the court,

IT IS ORDERED that the defendant's motion for summary judgment (Document No. 22) is granted and accordingly judgment is entered.

/s/ Joy Flowers Conti
United States District Judge

cc: Anthony Smith
135196
950 Second Avenue
Pittsburgh, PA 15219

All Counsel of Record

Honorable Robert C. Mitchell
United States Magistrate Judge